UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| TIFFANY KLIMEK, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 3:19-cv-50125 |
| DIRECT ENERGY SERVICES, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes TIFFANY KLIMEK ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of DIRECT ENERGY SERVICES, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") under 815 ILCS 505/, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiff's state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

4. Plaintiff is a natural person over 18 years-of-age residing in Whiteside County, Illinois, which is located within the Northern District of Illinois.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a utility company organized under the laws of the state of Delaware with its principal place of business located at 12 Greenway Plaza, Suite 250, Houston, Texas. Defendant regularly conducts business with consumers in Illinois.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. Around the spring of 2019, Plaintiff consistently began receiving calls from Defendant to her cellular phone, (779) XXX-1721.

10. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -1721. Plaintiff is and has always been financially responsible for the cellular phone and its services.

11. Defendant has used several phone numbers when placing phone calls to Plaintiff's cellular phone, including but not limited to: (855) 255-6531 and (877) 752-1045.

12. Upon information and belief, the aforementioned phone numbers are regularly utilized by Defendant to make outgoing calls to consumers it is soliciting for business.

13. During answered calls, Plaintiff has been subjected to a significant pause, lasting several seconds in length, causing Plaintiff to say "hello" several times before being connected to a live representative.

14. Plaintiff was unaware of Defendant's purpose in contacting her cellular phone, as Plaintiff never signed up to receive calls from Defendant.

15. Upon speaking with one of Defendant's representatives, Plaintiff discovered that it was trying to solicit Plaintiff to become a customer.

16. Plaintiff has told Defendant's representative that she is not interested in its services and has demanded that it stop calling her cellular phone.

17. Despite Plaintiff's demands, Defendant continued to regularly call her cellular phone.

18. Plaintiff has told Defendant to stop calling her on numerous occasions. No matter how many times Plaintiff has told Defendant to stop calling her, it has continued to place calls to her cellular phone.

19. Defendant has also called Plaintiff's cellular phone multiple times during the same day.

20. Defendant has called Plaintiff's cellular phone at least 30 times since Plaintiff demanded that it stop calling her.

21. Frustrated over the persistent calls, Plaintiff spoke with Sulaiman regarding her rights resulting in costs and expenses.

22. Plaintiff has been unfairly harassed by Defendant's actions.

23. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies solicitation telephone calls,

emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

24. Plaintiff repeats and realleges paragraphs 1 through 23 as though fully set forth herein.

25. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") or pre-recorded messages without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

26. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The significant pause, lasting several seconds in length, and the fact that Plaintiff had to say "hello" several times before a live representative began to speak is instructive that an ATDS was being utilized to generate the phone calls. Additionally, Defendant's constant contacts after Plaintiff demanded that the phone calls stop further demonstrates Defendant's use of an ATDS. Moreover, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

27. Defendant violated the TCPA by placing at least 30 phone calls to Plaintiff's cellular phone using an ATDS without her consent. Plaintiff did not provide Defendant with consent to contact her, but Defendant still called Plaintiff's cellular phone without her permission. Any consent that Plaintiff *may* have given to Defendant was specifically revoked by Plaintiff's demands that it cease contacting her.

4

28. The calls placed by Defendant to Plaintiff were regarding solicitation activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

29. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, TIFFANY KLIMEK, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

30. Plaintiff restates and realleges paragraphs 1 through 29 as though fully set forth herein.

31. Plaintiff is a "person" and "consumer" as defined by 815 ILCS 505/1(c) and (e) of the ICFA.

32. Defendant's solicitation calls to Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

33. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or

>the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

34. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in contacting Plaintiff. It was unfair for Defendant to relentlessly contact Plaintiff through means of an ATDS after Plaintiff had notified Defendant to stop calling. Yet, Defendant placed *at least* 30 phone calls to Plaintiff's cellular phone with the intent of harassing Plaintiff to subscribe to its services. Defendant ignored Plaintiff's demands and continued its harassing conduct. Defendant's continued conduct prompted Plaintiff to file this action.

35. Following its characteristic behavior in placing voluminous calls to consumers, Defendant engaged in an unfair and deceptive act, willfully done with the hope that Plaintiff would be compelled to make payment. Further, Defendant intended that Plaintiff rely on its unfair and deceptive conduct. Defendant had been notified of Plaintiff's demands that it cease calling her, but yet Defendant still relentlessly contacted Plaintiff.

36. Plaintiff lacks a meaningful choice to go about avoiding Defendant's contacts, which places an unreasonable burden on Plaintiff to try and address Defendant's conduct. This further underscores the immoral, unethical, oppressive, and unscrupulous nature of Defendant's conduct which is contrary to public policy.

37. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

38. Defendant's conduct of placing incessant telephone calls to an individual without that individual's consent involves trade practices directed to the market generally and which otherwise implicate consumer protection concerns.

39. Plaintiff was the subject of Defendant's incessant and relentless solicitation efforts. The nature of Defendant's conduct in placing relentless phone calls after consent for such calls had been explicitly revoked is behavior which impacted Plaintiff and which would similarly impact other consumers. Such conduct raises serious consumer protection concerns as entities like Defendant must not be given free rein to harass consumers by placing excessive telephone calls without consumer consent. The relief requested below serves the interests of consumers by ensuring this pervasively unfair conduct is addressed.

40. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

41. As pled in paragraphs 21 through 23, Plaintiff has suffered actual damages as a result of Defendant's unlawful practices. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a.

42. An award of punitive damages is appropriate because placing *at least* 30 solicitation phone calls to Plaintiff's cellular phone without permission is egregious conduct. Many of these calls were placed after having verbal demands to cease. Such conduct is hallmark of outrageous, willful, and wanton behavior. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Illinois and for public policy reasons should be penalized.

WHEREFORE, Plaintiff, TIFFANY KLIMEK, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at hearing, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees;

f. Enjoining Defendant from further contacting Plaintiff; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: May 29, 2019                                             Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)            s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                Taxiarchis Hatzidimitriadis, Esq. #6319225
*Counsel for Plaintiff*                         *Counsel for Plaintiff*
Admitted in the Northern District of Illinois   Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.                        Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200             2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                         Lombard, Illinois 60148
(630) 568-3056 (phone)                          (630) 581-5858 (phone)
(630) 575-8188 (fax)                            (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                        thatz@sulaimanlaw.com